# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

JACQUIE SCHAFER,

      Petitioner,

    v.

WILLIAM REUBART, *et al.*,

      Respondents.

Case No. 2:25-cv-00957-RFB-MDC

**ORDER**

Petitioner Jacquie Schafer commenced this federal habeas action on May 30, 2025. See ECF No. 1. On July 11, 2025, the Court screened Schafer's Petition for Writ of Habeas Corpus ("Petition") and directed that it be served on Respondents. See ECF No. 5. Notably, the Court indicated, without deciding, that Schafer may be entitled to the appointment of counsel and instructed Schafer to file a motion for the appointment of counsel if she desired for counsel to be appointed to represent her. See id. at 2 n.2. On March 16, 2026, Respondents moved to dismiss the Petition. See ECF No. 42. In response, Schafer moved for the appointment of counsel. See ECF No. 43.

Schafer waited more than eight months to file a motion requesting that counsel be appointed to represent her. Given this delay, Respondents filed a motion to dismiss, which is likely to become moot if, and when, Schafer files a counseled, amended petition. Accordingly, the Court is displeased by the timing of Schafer's motion and the undue burden it has placed on Respondents. Nonetheless, because of Schafer's life sentence and the complex issues presented in this case, the Court finds that the appointment of counsel is in the interests of justice and provisionally appoints the Federal Public Defender to represent Schafer.[1]

---

[1] There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. See Pa. v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint

This matter is also before the Court on Respondents' motion to seal Schafer's presentence investigation report. See generally ECF No. 40. Having reviewed and considered the matter in accordance with Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Schafer's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records.

Therefore, **IT IS HEREBY ORDERED** the Motion for Appointment of Counsel (ECF No. 43) is **GRANTED**. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1.) undertake direct representation of Schafer by filing a notice of appearance or (2.) indicate its inability to represent Schafer in these proceedings. If the Federal Public Defender is unable to represent Schafer, the Court will appoint alternate counsel. Appointed counsel will represent Schafer in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A new scheduling order, which will include a deadline for the filing of an amended petition, will be entered following the appearance of Schafer's counsel.[2]

///
///
///
///
///
///
///
///
///
///

counsel is generally discretionary. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See Chaney, 801 F.2d at 1196.

[2]Any deadline established, and/or any extension thereof, will not signify any implied finding of a basis for tolling during the time period established. Schafer remains responsible for calculating the federal limitation period and timely presenting claims. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

- 2 -

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to electronically provide the Federal Public Defender a copy of (1.) this Order, (2.) the Petition (ECF No. 1-1), and (3.) the Screening Order (ECF No. 5).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to send a copy of this Order to Schafer and the CJA Coordinator for this division.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 42) is **DENIED** without prejudice and with leave to re-file.

**IT IS FURTHER ORDERED** the Motion to Seal (ECF No. 40) is **GRANTED**. Exhibit 127 (ECF No. 41-1) is considered properly filed under seal.

**DATED:** March 26, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**