# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

JACQUIE SCHAFER,

      Petitioner,

    v.

WILLIAM REUBART, *et al.*,

      Respondents.

Case No. 2:25-cv-00957-RFB-MDC

**SCHEDULING ORDER**

On March 26, 2026, this Court granted Petitioner Jacquie Schafer's motion for appointment of counsel, provisionally appointed the Federal Public Defender, and gave the Federal Public Defender 30 days to: (1) undertake direct representation of Schafer by filing a notice of appearance or (2) indicate the FPD's inability to represent Schafer in these proceedings. See generally Appointment Order, ECF No. 44. On May 5, 2026, the Federal Public Defender filed a timely notice of appearance. See generally Notice of Appearance, ECF No. 45.

Based on the foregoing, **IT IS HEREBY ORDERED** the FPD, through Ron Y. Sung, Esq., is appointed as counsel for Schafer pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Schafer in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that Schafer shall have up to, and including, **August 24, 2026**, to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline, nor any extension thereof, signifies, or will signify: (1) any implied finding as to the expiration of the federal limitation period and/or (2) a basis for tolling during the time period established. Schafer remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted

herein. That is, by setting a deadline to amend the petition, and/or by granting any extension(s) thereof, the Court makes no finding, or representation, that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** Respondents shall file a response to the amended petition within 60 days of service of the amended petition. In turn, Schafer may file a reply thereto within 30 days of service of Respondents' answer. The response and reply time to any motion filed by either party, including a motion to dismiss, shall be governed instead by Local Rule LR 7-2(b).

**IT IS FURTHER ORDERED** that any procedural defense(s) raised by Respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not intend to address procedural defenses through multiple successive orders. Thus, procedural defenses omitted from Respondents' motion to dismiss may be deemed waived.

On this same note, **IT IS FURTHER ORDERED** Respondents shall not consolidate their answer to the merits of Petitioner's claims with any procedural defenses. As outlined above, if Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2), they shall: (a) do so within their single motion to dismiss and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included in Respondents answer.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, Respondents shall specifically cite to, and address, the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that any state court record, and related exhibits filed therein, by either Schafer or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. Moving forward, the CM/ECF attachments that are filed shall be identified by the number, or numbers, of the exhibits in the attachment. If the exhibits filed would span more than one ECF number in the record, the first document under each successive ECF Number shall

be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (*i.e.*, Attachment 1, 2, *etc.*). Notwithstanding LSR 3-3(c), duplicate exhibits may be filed by Respondents to create one comprehensive and chronological Index of Exhibits.

**DATED:** May 26, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**